UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,                          CASE NO.  00-6309-CR-SEITZ

                    Plaintiff,

v.

JOSEPH SPITALERI,

                    Defendant.
_____/

FILED by _____ D.C.
INTAKE

JUN 0 4 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## **DEFENDANT'S UNOPPOSED MOTION TO CONSOLIDATE CASES FOR SENTENCING PURPOSES ONLY**

Defendant, JOSEPH SPITALERI, by and through undersigned counsel, files this Unopposed Motion to Consolidate Cases for Sentencing Purposes Only, and as grounds therefor, states as follows:

1.      On July 27, 2000, Defendant was indicted in United States v. Spitaleri, Case No. 00-6206-CR-ZLOCH.

2.      On October 24, 2000, Defendant was indicted sub judice.  This Indictment was superseded on January 30, 2001.

3.      On April 10, 2001, Defendant pled guilty in Case No. 00-6206-CR-ZLOCH.[1]  A pre-sentence investigation report was prepared by United States Probation Officer Dedra Pratt and disclosed on May 17, 2001.

4.      Sentencing is presently scheduled for June 21, 2001, before the Honorable William J. Zloch, in Case No. 00-6206-CR-ZLOCH.

---

[1] Attached hereto as Exhibit "1" is a copy of Defendant's plea agreement in Case No. 00-6206-CR-ZLOCH, which specifies Defendant must plead guilty to the charges in this case.

5.    In the interest of judicial economy, Defendant respectfully requests this Court consolidate his two pending cases for sentencing purposes only.

6.    The undersigned contacted Assistant United States Attorney Brian McCormick with respect to this Motion. Mr. McCormick advised the Government has **no objection** to the relief requested herein.

WHEREFORE, Defendant, JOSEPH SPITALERI, request this Honorable Court grant his Unopposed Motion to Consolidate Cases for Sentencing Purposes Only, and such other and further relief as it deems just and proper.

Respectfully submitted,

HIRSCHHORN & BIEBER, P.A.
Attorneys for Defendant
2600 Douglas Road
Penthouse One - Douglas Centre
Coral Gables, Florida 33134
Telephone #: (305) 445-5320

By: _____
BRIAN H. BIEBER
Florida Bar #: 8140

JOEL HIRSCHHORN
Florida Bar #: 104573

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this ____ day of June, 2001, to: Larry Lavecchio, Esq., and Brian McCormick, Esq., Assistant United States Attorneys, United States Attorney's Office, 500 East Broward Boulevard, Fort Lauderdale, FL 33394-3002

_____
BRIAN H. BIEBER

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                        CASE NO.  00-6206-CR-ZLOCH

-vs-                                             PLEA AGREEMENT

JOSEPH SPITALERI,

                              Defendant.
_____/

     The United States of America and JOSEPH SPITALERI (hereinafter referred to as the "defendant") enter into the following agreement:

     1.  The defendant agrees to plead guilty to counts 6 through 18 of the indictment, which counts charge the defendant with money laundering in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and (B)(i).  The defendant also agrees to plead guilty to count 1 of the indictment, in the case of United States v. Joseph Spitaleri, Case No. 00-6309- CR-SEITZ, the terms of which are set forth in a separate plea agreement. .

     2. The United States agrees to seek dismissal of counts 1 through 5 and 19 through 24 of the indictment, as to this defendant, after sentencing. The United States also agrees to recommend to the sentencing court that any prison sentence imposed in United States v. Joseph Spitaleri, Case No.00-6309-CR-SEITZ, run concurrently with any prison sentence as a result of the defendant's plea of guilty in this case, provided that the defendant complies with the terms of both plea agreements.

     3.    The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the applicable guideline range and impose a sentence that is either more severe or less severe than the guidelines range. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the

offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.     The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up twenty (20) years, followed by a term of supervised release as to each count. In addition to a term of imprisonment and supervised release, as to each count, the court may impose a fine of up to $500,000 or twice the value of the property involved in the transaction and may order restitution.

5.     The defendant further understands and acknowledged that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 per count will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6.     The United States agrees that it will not recommend an upward departure from the guidelines as determined by the court based upon the nature of the offense, the defendant's relevant offense conduct, or the background of the defendant.

7.     The defendant agrees that he shall cooperate fully with the Office of the United States Attorney by:

(a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the Office of the United States Attorney, whether in interviews, before a grand jury, or at any trial or other court proceeding; and,

(b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the Office of the United States Attorney..

8.     This Office of the United States Attorney reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and non-reviewable judgment of the Office of the United States Attorney the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from the sentence

2

required by the Sentencing Guidelines, this Office may at or before sentencing make a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. §3553(e), or a Rule 35 motion subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending sentence reduction. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file such a motion and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the defendant.

9.    The defendant understands and acknowledges that the court is under no obligation to grant a government motion pursuant to Title 18, United States Code, Section 3553(e), 5K1.1 of the Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in 7 of this agreement, should the government exercise its discretion to file such a motion.

10.    The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which that sentence was determined, unless (1) the sentence exceeds the maximum permitted by statute, and/or (2) the sentence is the result of an upward departure from the guideline range the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. The defendant understands that, although the defendant will be sentenced in conformity with the Sentencing Guidelines, by this agreement the defendant waives the right to appeal the sentence on the basis that the sentence is the result of an incorrect application of the Sentencing Guidelines.

11.    The Office of the United States Attorney for the Southern District of Florida reserves the right to inform the court and the probation office of all facts pertinent to the sentencing

process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

      12.    The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his/her plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

      13.    This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

GUY A. LEWIS
UNITED STATES ATTORNEY

Date: 4/6/01

By: _____
JEFFERY H. SLOMAN
ASSISTANT UNITED STATES ATTORNEY

Date: 6 April 01

By: _____
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY

Date: 4/6/01

By: _____
JOSEPH SPITALERI
DEFENDANT

Date: 4/6/01

By: _____
BRIAN BIEBER, ESQ.
ATTORNEY FOR DEFENDANT

4