...

# United States District Court
## Southern District of Florida
### MIAMI DIVISION

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
|  | (For Offenses Committed On or After November 1, 1987) |
| v. | Case Number: 00-6309-CR-SEITZ/014 |
| JOSEPH SPITALERI |  |

Counsel For Defendant: Brian Bieber, Esq.
Counsel For The United States: Diana Fernandez, AUSA
Court Reporter: David Ehrlich

FILED by _____ D.C.
JAN 11 2002
CLARENCE MADDOX
CLER., U.S. DIST. CT.
S.D. OF FLA.  MIAMI

The defendant pleaded guilty to Count One of the Indictment.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. 1962(d) | Conspiracy to violate RICO | October 2000 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts remaining as to this Defendant are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.  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
Defendant's Date of Birth: 5/28/1954
Deft's U.S. Marshal No.:  18642-005

Defendant's Mailing Address:
634 North Luna Court
Hollywood, FL  33021

Defendant's Residence Address:
634 North Luna Court
Hollywood, FL  33021

Date of Imposition of Sentence:
November 13, 2001

PATRICIA A. SEITZ
United States District Judge

January __11__, 2002



DEFENDANT: JOSEPH SPITALERI
CASE NUMBER: 00-6309-CR-SEITZ/014

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **58 Months.**

The Court recommends to the Bureau of Prisons:

> Defendant should participate in the drug treatment program pursuant to 18 U.S.C. 3621. Defendant should be placed at FCI Miami.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **before 2:00 P.M. on April 15, 2002.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                                    _____
                                                                                    UNITED STATES MARSHAL

                                                                    By:_____
                                                                                    Deputy U.S. Marshal

DEFENDANT: JOSEPH SPITALERI
CASE NUMBER: 00-6309-CR-SEITZ/014

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOSEPH SPITALERI
CASE NUMBER: 00-6309-CR-SEITZ/014

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall participate in an approved treatment program for drug and/or alcohol abuse as directed by the U.S. Probation Office. Participation may include inpatient/outpatient treatment, if deemed necessary. The defendant will contribute to the costs of services rendered (copayment) in an amount determined by the probation officer, based on ability to pay, or availability of third party payment.

The defendant shall perform **300 hours** of community service over the period of supervision, as directed by the United States Probation Officer.

*The defendant shall not apply for, solicit, or incur, any further debt, included but not limited to, loans, lines of credit, or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the U.S. Probation Officer.*

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

The defendant shall maintain full-time, legitimate employment and is not to be unemployed for a term of more than 30 days unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation including, but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and other documentation requested by the U.S. Probation Officer.

The defendant shall not be engaged in any business that offers securities, investments, or business opportunities to the public. The defendant is further prohibited from engaging in telemarketing, direct mail, or national advertising campaigns for business purposes without the permission of the U.S. Probation Officer.

The defendant shall obtain prior approval from the U.S. Probation Officer before entering into any self-employment.

The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

The defendant is prohibited from associating with or visiting places known to be frequented by organized crime figures or families while on supervised release.

DEFENDANT: JOSEPH SPITALERI
CASE NUMBER: 00-6309-CR-SEITZ/014

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $ | $1,757,438.17 |

The defendant shall make restitution to the following payees in the amount listed on the attached Spitaleri Restitution List.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: JOSEPH SPITALERI
CASE NUMBER: 00-6309-CR-SEITZ/014

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    A.  Lump sum payment of **$100.00** due immediately.

SPECIAL INSTRUCTIONS FOR PAYMENT OF RESTITUTION:

1. The defendant shall make payments of $100.00 per month toward restitution until his surrender date of April 15, 2002.

2. The U.S. Attorney's Office and Deputy Financial Clerk shall pay first those victims who are owed $3,007 or less.

3. Upon payment of the victims in paragraph 2 above, the U.S. Attorney's Office and Deputy Financial Clerk shall develop a payment plan for the remaining victims to be paid on a prorata basis, in the most cost-effective and administratively efficient manner, provided a payment is made to the victims at least once per year.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

    U.S. CLERK'S OFFICE
    ATTN: FINANCIAL SECTION
    301 N. MIAMI AVENUE, ROOM 150
    MIAMI, FLORIDA 33128

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

    <u>Joint and Several</u>

        The payment of the restitution in the amount of $1,757,438.17 shall be joint and several with all other co-defendants in this matter who may in the future be found responsible for restitution to the victims.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

## SPITALERI RESTITUTION LIST

| | |
|---|---|
| ABRAMCZYK, KEVIN M. & PATRICIA M. | $ 10,000 |
| ANDERSON, MARK D. | $ 56,741.16 |
| AVSHALUMOV, KHANANIYA & IZABELLA | $ 3,000 |
| AXELGARD, WILLIAM C. & KAREN M. | $ 6,000 |
| BAGGETT, JOHN C. | $ 15,000 |
| BARR, LAYTON | $ 20,000 |
| BENNETT, NATALIE | $ 10,000 |
| BERARD, ROGER G. | $ 51,000 |
| BISCHOF, JOSEF | $ 20,000 |
| BOLSTAD, BRUCE KENT | $ 9,175 |
| BOWMAN, DONNA | $ 10,000 |
| BRUCE, ANGELA | $ 5,000 |
| BURDICK, NANCY LEE | $ 35,000 |
| BUSECK, EDWARD & CATHERINE | $ 4,167 |
| CAMBRON, JOHN R. | $ 5,000 |
| CANNING, ROY | $ 10,000 |
| CARDONE, DR. BRUCE | $ 50,000 |
| CARTER, DALE | $ 3,000 |
| CARTER, HARLEY J. | $ 5,000 |
| CARTER, SADIE | $ 3,000 |
| CAVALLARO, BARBARA | $ 5,000 |
| CHADDA, PARMINDER SINGH | $ 3,003 |
| CHRISTOPHE, KEVIN | $ 1,200 |
| CIPKALA, JAN | $ 5,000 |
| COILEY, BEATRICE & WILLIAM JR. | $ 500.12 |
| CONSOLO, ANTHONY & REBECCA | $ 5,000 |
| COWLISHAW, FREDRIC J. | $ 4,000 |
| CURTIS, JOHN D. | $ 24,508.25 |
| DAVIS, OLIN DANIEL | $ 5,000 |
| DEMAS, ALLEN A. | $ 8,001 |
| EDSELL, FRED & SALLY | $ 15,000 |
| ELBERG, IGOR | $ 10,000 |
| FIAKAS, BRUCE J. | $ 5,000 |
| FOSTER, STEPHEN J. & VILMA L. | $ 500.13 |
| GLANVILLE, URAL & LISA | $ 3,000 |
| GRAY, IRENE E. | $ 643.28 |
| GREGORY, JEROME | $ 2,000 |
| GRIMM, HARVEY W. | $ 6,000 |
| GROSSMAN, MAX | $ 32,000 |
| GROUTAS, SUSAN H. | $ 3,920 |
| GUSH, RANDOLPH | $ 10,000 |
| HAMILTON, HOWARD | $ 10,000 |

Spitaleri Restitution List
Page 2

| Name | Amount |
|---|---|
| HARNISH, NATALIE | $ 3,000 |
| HARRINGTON, LYNDELL L. | $ 30,000 |
| HARTMAN, JEROME | $ 17,000 |
| HARVEST, VINCENT LEE | $ 5,000 |
| HASELHUHN, GERALD E. | $ 35,000 |
| HAYASHI, HIDE & WALTER | $ 8,018 |
| HERNANDEZ, JOSE | $ 6,174 |
| HOLT, BRENT | $ 15,000 |
| HOUGHTON, ADRIEN | $ 64,000 |
| HOWELL III, HAMPTON P. | $ 2,000 |
| HUTCHCRAFT, GLEN R. | $ 9,000 |
| JAKUBUS, FREDERICK F. | $200,900 |
| JOHNSON, JOHNNY R. | $ 15,000 |
| JOHNSON, LAMONTE | $ 3,200 |
| JOSHI, KENT | $ 5,500 |
| KABACI, PETER | $ 3,000 |
| LABELLE, MICHAEL | $ 8,000 |
| LAWSON, DONNA M. | $ 7,000 |
| LEAK, ARTHUR V. | $ 6,550 |
| LEBLANC, RICHARD | $ 19,695.57 |
| LECKNER, ELLAS ANN | $ 46,100 |
| LEE, TONG H. | $ 10,000 |
| MAHINIS, JOHN N. | $ 5,000 |
| MAHMUD, SHIREEN | $ 3,500 |
| MANCINI, CHRISTOPHER | $ 8,000 |
| MANGIARDI, BRUNO R. | $ 3,000 |
| MARINO, ANTHONY F. & DEBBIE | $ 22,000 |
| MARTIN, ANNA D. | $ 3,000 |
| MCCABE, ROSANNA J. | $ 6,000 |
| MCCORMACK, JOHN | $ 6,000 |
| MCDOWELL, WENDELL & TERRI | $ 3,473 |
| MCLAWRENCE, HAROLD | $ 3,007 |
| MCMILLAN, DAVID | $ 5,000 |
| MEHTA, NARENDRA CHIMANLAL & VINOD | $ 2,000 |
| MILLER, JOHN M. | $ 10,000 |
| MILLER, VANITA ANN | $ 5,000 |
| MOCK, MARILYN | $ 10,000 |
| MUNIZ, JAMES | $ 20,000 |
| MURPHY, PHILIP F. | $ 25,000 |
| MYERS, WALT | $ 3,000.12 |
| NEWLIN, SAM | $ 5,000 |
| NGUYEN, H.T. | $ 32,000 |

Spitaleri Restitution List
Page 3

| | |
|---|---|
| NOVELLI, FRANK T. & IRENE E. | $ 3,000 |
| OPAT, KENNETH M. | $ 3,000 |
| OSBURN, RICHARD E. & YUKI A. | $ 10,000 |
| PERRY, JASON R. | $ 5,018 |
| PHILLIPS, LEON | $ 7,030 |
| PIACENTI, ROBERT | $ 25,175.50 |
| PINCKNEY, JOSIAH & DOROTHY | $ 5,000 |
| PRACZ, DANUTA | $ 34,030 |
| PUDWILL, PAUL | $ 2,000 |
| QUEEN, JACK R. | $ 6,000 |
| QUIACHON, PERFECTO B. | $ 9,895.12 |
| RADLER, ANNA & EDWIN | $ 3,000 |
| RAMAHA, MOHAMAD | $ 3,000 |
| RAO, HARIHARA K. & PALLAVIK | $ 3,000 |
| REEDY, WILLIAM M. | $ 5,500 |
| RUSSELL, JOHN | $ 26,000 |
| RUTHERFORD, GARY | $ 3,000 |
| SCHOENING, BRIAN | $ 12,967.50 |
| SEAY, SUSAN & ROBERT L. | $ 3,300 |
| SERAFINI, JOHN | $ 50,580 |
| SHRUM, TERESA L. & HAROLD | $ 4,000 |
| SHUSTEROV, DINA | $ 10,000 |
| SINGH, DEO & ROSHNI | $ 6,400 |
| SKOGSTAD, KEN | $ 3,825 |
| SOLLEY, ROBERT | $ 7,001 |
| SPEARS, DAVID W. | $ 10,900 |
| STEPHENS, CLYDE | $ 52,000 |
| STEVENSON, RICHARD F. | $ 22,000 |
| STUMPF, ARTHUR D. | $ 5,000 |
| TAKAKI, NORMAN A. | $ 60,000 |
| THOMAS, BILLY J. | $ 10,000 |
| THOMPSON, MARK | $ 10,000 |
| THOMPSON, ROBERTA | $ 500 |
| TOKOS, JERRY H. | $ 6,500 |
| TROCHTA, GERTRUDE A. | $ 3,000 |
| USHER, RON | $ 8,000 |
| VANARSDALE, FRED & MARILYN | $ 4,305 |
| VOLZ, CLAIRE M. | $ 10,000 |
| WAGNER, PAUL C. | $ 12,000 |
| WALLACE, KENNETH D. | $ 4,000 |
| WATTS, TIMOTHY R. | $ 10,000 |
| WAY, SHANNON | $ 3,000 |

Spitaleri Restitution List
Page 4

| | |
|---|---|
| WENZEL, MARGARET ANN | $ 3,000 |
| WHIPPLE, ADRIENNE L. | $ 18,070 |
| WILKINS, MICHAEL D. | $ 25,000 |
| WILLIAMS, GEORGE THOMAS | $ 5,000 |
| WOLAK, WILLIAM | $ 5,000 |
| YARBROUGH, MIKE | $ 22,949.42 |
| ZILLIOX, MARILYN | $ 1,015 |
| ZIMMERMAN, MARVIN | $ 5,000 |
| TOTAL RESTITUTION | $ 1,757,438.17 |