UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6309-CR-SEITZ (S)

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSEPH SPITALERI,

Defendant.

**NIGHT BOX
FILED**

MAR 2 6 2004

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

GOVERNMENT'S MOTION FOR
ORDER CONCERNING RESTITUTION

The **United States** of America, through its undersigned
Assistant United States Attorney, files this motion for an order
concerning restitution in this matter.

1.    The defendant was originally charged in the superseding
indictment with RICO Conspiracy, money laundering and money
laundering conspiracy, and engaging in monetary transactions.

2.    On June 4, 2001, the defendant pled guilty to Count 1 of
the superseding indictment, RICO Conspiracy.  The remaining counts
were to be dismissed after sentencing.

3.    On November 13, 2001, the defendant was sentenced to 58
months incarceration to be followed by three years supervised
release.

4.    On January 9, 2002, a restitution hearing was held in
this matter and the Court entered an amended Judgement and

Commitment (DE 814), which added a total restitution amount of $1,757,438.17.

5.   During the course of the Restitution Hearing, defense counsel raised the fact that the government had taken possession of a van which had been purchased with funds from the fraud.[1] Defense counsel estimated that the van would be valued at approximately $17,000 to $20,000.   (DE at 13-14).   Further, defense counsel pointed out that there was seized from the defendant cash of approximately $25,000, and some jewelry.   (DE 14).   As the government informed the Court, those items had been seized under the umbrella of forfeiture (administrative).   *Id.*[2] The Court then orally stated that any assets which the defendant had turned over to the government or would be seized in the future, including the cash, the van, and the jewelry should be translated into funds for the victims.   (DE at 20).   This portion of the Court's *ore tenus* Order was not incorporated into the written Judgement and Commitment.

6.   The van that was taken from the defendant was solely the result of the credit card fraud charged in the Judge Zloch matter,

---

[1]   The fraud relates to a credit card fraud that the defendant had been involved in and was the subject of a separate indictment, 00-6206-Cr-Zloch, to which the defendant also pled guilty.   There was no forfeiture or restitution ordered in that matter.

[2]   Unbeknownst to the undersigned at the time of the hearing, the van had already been administratively forfeited and put into official use.

therefore it cannot be applied to the restitution ordered in this case. However, the Secret Service is still holding the cash, totaling $24,860.00, and the jewelry, which consists of three watches, a gold ring with diamonds, a white gold ring, and a gold chain. In order for these items to be applied to the restitution in this matter, the Treasury Asset Forfeiture Fund has requested that the Court enter a written Order directing that to occur.

7. The undersigned has spoken to counsel for the defendant, Brian H. Bieber, Esquire, who has no objection to the government's motion and the entry of an order.

WHEREFORE, the government respectfully requests that this Honorable Court enter the attached proposed Order directing that the cash and jewelry taken from the defendant be transferred to the Restitution Fund in this matter.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _DIANA L.W. FERNANDEZ_
DIANA L.W. FERNANDEZ
Assistant United States Attorney
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

3

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this _26_ day of March, 2004 to:


Brian H. Bieber, Esquire
2600 Douglas Road, Penthouse 1
Coral Gables, Florida 33134


DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY

4